UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                   Plaintiff,<br><br>    v.<br><br>NEWTON JONES,<br>WILLIAM CREEDEN,<br>KATERYNA (KATE) JONES,<br>WARREN FAIRLEY,<br>LAWRENCE McMANAMON, and<br>CULLEN JONES<br><br>                   Defendants. | Case No. 2:24-cr-20070-DDC-TJJ |

**UNITED STATES' RESPONSE IN OPPOSITION TO JOINT MOTION OF DEFENDANTS TO DISMISS COUNT ONE OF THE INDICTMENT**

On July 25, 2025, Defendants filed a joint motion to dismiss Count One of the Indictment, or in the alternative, for a bill of particulars relating to Count One of the Indictment (doc. 143).

NOW comes the United States, by its counsel Ryan A. Kriegshauser, United States Attorney for the District of Kansas, which opposes that joint motion.  In summary, Defendants' motion fails because the Indictment is sufficient on its face: a RICO enterprise is defined to include "any union" and RICO charges where defendants use the machinery of labor unions is well-established; JONES and CREEDEN's association with Bank of Labor breaks any unity between the Jones Enterprise and the Boilermakers Union; the Indictment provides sufficient distinction between the Jones Enterprise and charged offenses constituting the pattern of racketeering activity; and RICO does not require that persons charged to have

committed any overt acts in furtherance of the alleged conspiracy. In support thereof, the government shows as follows:

### Background

1. On August 21, 2024, the grand jury in this matter returned a 57-count indictment charging Defendants with numerous offenses. Count One of the Indictment charged Defendant with conspiracy to violate the Racketeer Influenced and Corrupt Organizations (RICO) Act in violation of Title 18, United States Code, section 1962(d).

2. On August 1, 2025, Defendants filed a joint motion for dismissal of Count One of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(b)(3)(v) for failure to state an offense. Specifically, Defendants argue that Count One fails to allege a recognizable enterprise under the RICO Act and fails to sufficiently allege that Defendants agreed to join the alleged conspiracy. In the alternative, Defendants request a bill of particulars addressing these issues.

3. Count One of the Indictment (para. 2) described the enterprise as follows:

> At all times relevant to this Indictment, certain officers, employees, members, and associates of the Boilermakers Union, including Defendants NEWTON JONES, WILLIAM CREEDEN, KATERYNA (KATE) JONES, WARREN FAIRLEY, LAWRENCE MCMANAMON, CULLEN JONES, KATHY STAPP, and others known and unknown to the Grand Jury, constituted an enterprise, as defined in Title 18, United States Code, Section 1961(4), namely a group of individuals associated in fact (hereinafter referred to as the "Jones Enterprise"). . . . . The Jones Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The Jones Enterprise was engaged in, and its activities affected, interstate and foreign commerce.

4. Count One of the Indictment (para. 12-15) alleged Defendants' agreement to join the conspiracy to violate the RICO Act as follows:

From at least on or about January 2009 and continuing to on or about August 2024, in the District of Kansas, and elsewhere, Defendants NEWTON JONES, WILLIAM CREEDEN, KATERYNA JONES, WARREN FAIRLEY, LAWRENCE MCMANAMON, CULLEN JONES, and KATHY STAPP, together with others, being persons employed by and associated with the Jones Enterprise described in paragraph 2 of this Indictment, which enterprise engaged in, and the activities of which affected, interstate and foreign commerce, **did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree together and with each other, to violate Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Jones Enterprise through a pattern of racketeering activity**, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

The pattern of racketeering activity through which the Defendants **agreed** to conduct the affairs of the enterprise consisted of multiple acts indictable under Title 29, United States Code, Section 501(c) (relating to embezzlement from union funds); Title 18, United States Code, Section 1343 (relating to wire fraud); and Title 18, United States Code, Section 664 (relating to embezzlement from pension and welfare funds).

It was a part of the conspiracy that each Defendant **agreed** that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Jones Enterprise.

Among the manner and means by which the Defendants and other conspirators **agreed** to conduct and participate in the conduct of the affairs of the Jones Enterprise included, among others, the following:  [Allegations of racketeering offenses] (emphasis added).

### Applicable Principles

A. **Motions to Dismiss Indictment Allegations**

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." To be sufficient, an indictment must satisfy two requirements:  1) it must set out all of the elements of the charged offense and give notice to the defendant of the charges he faces; and

3

2) it must be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same offense. Russell v. United States, 369 U.S. 749, 763-64 (1962); Hamling v. United States, 418 U.S. 87, 117 (1974). Accord United States v. Sweet, 107 F.4th 944, 958 (10th Cir. 2024); United States v. Poole, 929 F.2d 1476, 1470 (10th Cir. 2000).

When examining an indictment for sufficiency, a district court may resolve purely legal issues, but may not look behind the allegations of the indictment. Determination of factual disputes in resolution of a pretrial motion to dismiss the indictment would invade the province of the jury. Rather, the district court must accept the factual allegations contained in the indictment as true and determine only whether the indictment is "valid on its face." Costello v. United States, 350 U.S. 359, 363 (1956). When considering a motion to dismiss, moreover, a district court must view all facts in the light most favorable to the government. United States v. Riley, 292 F. App'x 717, 722 (10th Cir. 2008); United States v. Reid, 911 F.2d 1456, 1459 (10th Cir. 1990).

Federal Rule of Criminal Procedure 12(b) provides that a motion to dismiss may raise "any defense, objection, or request which is capable of determination without a trial of the general issue." Under Rule 12(b)(3)(B)(v), an indictment may be dismissed based upon a failure to state an offense. "The test of the validity of an indictment is 'not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards.'" United States v. Wilson, 884 F.2d 174, 179 (5th Cir. 1989) (quoting United States v. Webb, 747 F.2d 278, 284 (5th Cir. 1984)).

An indictment, therefore, "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United

4

States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992) (quoting United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975)).  Accord United States v. Greenspan, 986 F.2d 1430 (10th Cir. 1993) ("If an indictment is returned by a legally constituted and unbiased grand jury and is valid on its face, that is enough to call for trial of the charge on the merits.") (citing Costello, 350 U.S. at 363).

### B. Racketeering Conspiracy (18 U.S.C. § 1962(c) and (d))

Title 18, United States Code, section 1962(d) provides that it shall be a crime to conspire to violate section 1962(c).  Section 1962(c), in turn, provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. §§ 1962(c).

In order to establish a violation of Section 1962(c), the Government must prove the following elements beyond a reasonable doubt:  1) Existence of an enterprise;  2) the enterprise engaged in, or its activities affected, interstate or foreign commerce;  3) the defendant was employed by or was associated with the enterprise;  4) the defendant conducted or participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and 5)  the defendant participated in the affairs of the enterprise through a pattern of racketeering activity or collection of unlawful debt.  United States v. Harris, 695 F.3d 1125, 1133 (10th Cir. 2012); United States v. Hutchinson, 573 F.3d 1011, 1021 (10th Cir. 2009).

#### 1. Enterprise Element

A RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal

entity." 18 U.S.C. § 1961(4).  In Boyle v. United States, the Supreme Court held that an association-in-fact enterprise could be established solely by showing that there was "[a] purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose."  556 U.S. 938, 946 (2009).  The existence of such an enterprise, the Supreme Court held, could in some cases be inferred from the very same evidence that showed the pattern of racketeering activity.  Further, Boyle held that "an association-in-fact enterprise is simply a continuing unit that functions with a common purpose."  Id.  Accord United States v. Kamahele, 748 F.3d 984, 1003 (10th Cir. 2014); Harris, 695 F.3d at 1135.

### 2. Agreement Element

The RICO conspiracy offense under section 1962(d) does not require that persons charged to have committed any overt acts in furtherance of the alleged conspiracy.

> [T]o list adequately the elements of section 1962(d), an indictment need only charge ... that the defendant knowingly joined in a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity.... Neither overt acts, nor specific predicate acts that the defendant agreed personally to commit, need be alleged or proved for a section 1962(d) offense.

United States v. Randall, 661 F.3d 1291, 1297 (10th Cir. 2011) (citing United States v. Glecier, 923 F.2d 496, 500 (7th Cir.1991)).  See United States v. Smith, 454 F. App'x 686, 694 (10th Cir. 2012).

Accordingly, the RICO conspiracy offense does not require that conspirators personally commit two racketeering acts.  All that is required for a conviction, and therefore a proper pleading, is that the defendant "adopt the goal of furthering or facilitating the criminal endeavor," so long as that endeavor would, "*if completed,* ... satisfy all the elements

6

of a substantive criminal offense." United States v. Harris, 695 F.3d 1125, 1133 (10th Cir. 2012) (quoting Salinas v. United States, 522 U.S. 52, 63 (1997) (emphasis added). See United States v. Smith, 454 F. App'x 686, 693 (10th Cir. 2012); United States v. Randall, 661 F.3d 1291, 1297 (10th Cir. 2011).

## Argument

### I. Count One of the Indictment Sufficiently Alleges the Jones Enterprise as an Association-in-Fact Enterprise Under the RICO Statute

Count One of the Indictment defines the enterprise as the "Jones Enterprise," an association in fact consisting of the Defendants, who were all officers, employees, and/or members of the Boilermakers Union and/or officials at the Bank of Labor. RICO conspiracies involving labor offenses have been successfully pleaded numerous times where a cohesive group of individuals uses the machinery of a labor organization to affect their criminal objectives. See, for example, United States v. Dougherty, 706 F. App'x 736, 743 (3d Cir. 2017); United States v. Cahill, 2022 WL 10394481, at *1 (S.D.N.Y. 2022); United States v. Larson, 807 F. Supp. 2d 142, 148 (W.D.N.Y. 2011), aff'd sub nom. 903 F.3d 213 (2d Cir. 2018); United States v. Boyd, 309 F.Supp. 2d 908, 916 (S.D. Tex. 2004); United States v. Local 560, 780 F.2d 267 (3d Cir. 1985).

In this case, Count One of the Indictment properly defines the Jones Enterprise as an association-in-fact of individuals who were officers, employees, and members of the Boilermakers Union and the Bank of Labor. The Jones Enterprise functioned as a continuing unit to accomplish its objectives of embezzling from the Boilermakers Union, its connected benefits funds, and the Bank of Labor, as well as preserving and protecting its power and profits as an enterprise. Count One (para. 4-7, 9-10) clearly delineates between each defendant's position with the Boilermakers Union and/or the Bank of Labor and their position

7

and membership in the Jones Enterprise. Finally, Count One specifies in several instances that the Jones Enterprise was active from January 2009 through August 2024, thereby satisfying the pleading requirement of sufficient longevity. See Harris, 695 F.3d at 1136 (noting enterprise was active "over period of years")

In sum, Count One follows a well-established format for charging association-in-fact enterprises which have infiltrated labor unions through criminal activity and exceeds what is sufficient to properly allege such an association-in-fact enterprise under the RICO Act. Compare Boyle, 556 at 947-48 ("Members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, [or] established rules and regulations...."); Hutchinson, 573 F.3d at 1021 ("Simply put, after *Boyle,* an association-in-fact enterprise need have no formal hierarchy or means for decision-making, and no purpose or economic significance beyond or independent of the group's pattern of racketeering activity.")

## II. **Defendants' Challenges to Sufficiency of Pleading of the Enterprise in Count One Are Without Merit**

Defendants challenge (Motion, pp. 3-4, 10-11) the sufficiency of the pleading of the Jones Enterprise arguing that Count One: 1) draws no distinction between the Jones Enterprise and the individual defendants, and 2) draws no distinction between the Jones Enterprise and the pattern of racketeering activity.

### 1. Distinctness from Persons

In Cedric Kushner Promotions, Ltd. v. King, the Supreme Court held that "to establish liability under § 1962(c) [of RICO], one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." 533 U.S. 158, 161 (2001). Applying this principle, the Court ruled

8

that a RICO enterprise in Cedric Kushner, a corporation, was distinct from the defendant, a natural person who was the president and sole shareholder of the corporation-enterprise. Id. (finding distinctness requirement satisfied where "The corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status. And we can find nothing in [RICO] that requires more 'separateness' than that."). Accord CGC Holding Co., LLC v. Hutchens, 974 F.3d 1201, 1213 (10th Cir. 2020) (finding individual sole shareholder of corporations sufficiently distinct from his alter-ego corporations).

In accordance with Cedric Kushner, the requisite distinctness between the defendant-person and the enterprise is lacking only when there is completely unified identity between a particular defendant and the enterprise. As the Eleventh Circuit stated, "a defendant can clearly be a person under [Section 1962(c)] and also be part of the enterprise. United States v. Goldin Indus., Inc., 219 F.3d 1271, 1275-1276 (11th Cir. 2000) (collecting cases). The prohibition against the unity of person and enterprise thus applies only when the singular person or entity is defined as both the person and the only entity comprising the enterprise." Id.[1]

Count One clearly draws a distinction between defendant and enterprise. The Jones

---

[1] See, for example, United States v. Najjar, 300 F.3d 466, 484 (4th Cir. 2002) (distinctness requirement satisfied where defendants were an individual and a corporation and the enterprise consisted of an alliance of the defendants, other individuals and a sole proprietorship); United States v. Fairchild, 189 F.3d 769, 776-777 (8th Cir. 1999) (distinctness requirement satisfied where individual defendants collectively formed the enterprise); United States v. London, 66 F.3d at 1243-1245 (distinctness requirement satisfied where the enterprise consisted of defendant's sole proprietorship and a closely held corporation); United States v. Nabors, 45 F.3d 238, 240-41 (8th Cir. 1995) (holding that "a 'collective entity is something more than the members of which it is comprised' and that individual members who are members of an enterprise may indeed be found guilty [under RICO] even if the enterprise is made up solely of those defendants").

Enterprise as alleged consists of seven individuals acting, in part, in their capacity as Boilermakers Union officers and/or employees. There is no unity between any one defendant and the Jones Enterprise. In citing Cedric Kushner, Defendants attempt to extend it far beyond its specific and limited applicability. That case prevents a single individual from being pleaded as both defendant and enterprise. The typical RICO association-in-fact enterprise, however, is permissibly pleaded as a group of individuals engaged in an ongoing pursuit of racketeering offenses. See United States v. Fairchild, 189 F.3d 769, 777 (8th Cir. 1999) ("While the superseding indictment in this case charges several defendants individually as persons, it does not charge any defendant singularly as an enterprise. Hence, no defendant is both a person and an enterprise.").

If Defendants' contention on distinctness were correct, a group of individuals could never be pleaded as comprising a RICO enterprise, invalidating generations of prosecutions involving ad hoc fraud rings, drug gangs, etc. See, for example, Turkette, 452 U.S. at 578-79 ("a group of individuals associated in fact for the purpose of illegally trafficking in narcotics and other dangerous drugs, committing arsons" and related offenses); United States v. Richardson, 167 F.3d 621, 623-25 (D.C. Cir. 1999) (robbery ring operating for three months); United States v. Stefan, 784 F.2d 1093, 1103 (11th Cir. 1986) (group of individual practitioners engaging in commercial real estate fraud); United States v. Elliott, 571 F.2d 880, 898 (5th Cir. 1978) ("informal, de facto association" engaging in arson, theft, and counterfeiting).

Defendants rely (Motion, pp. 13-14) substantially on Board of Commissioners of San Juan County v. Liberty Group, and similar cases. Those are readily distinguishable. In Board of Commissioners, the Tenth Circuit reversed a civil judgment for substantive RICO

violations in a lawsuit based upon a securities broker secretly churning a client's account. The indictment alleged the enterprise to be Liberty Group, its subsidiaries, and select employees as individuals. Following presentation of the evidence, however, the district court determined that Liberty Group itself alone was the actual enterprise. 965 F.2d 879, 885 (10th Cir. 1992) ("The district court took the position that the verdict against Liberty Group was supported by the evidence that Liberty Group itself was the enterprise."). The panel accordingly reversed the judgment under the RICO Act where the evidence at trial showed the enterprise of Liberty Group and related entities to be both the enterprise and defendant. Id. (determining that "there was a complete failure of proof at trial of an association in fact separate from the Liberty Group as to any liability under section 1962(c).") (emphasis added).

The panel in Liberty Group was thus reviewing the sufficiency of evidence in the record following a completed trial where the district court dismissed the RICO charges against the defendants other than Liberty Group, not passing on sufficiency of a criminal pleading. Any applicability of Liberty Group to this matter would arise only if the evidence presented shows any individual defendant to be synonymous with the Jones Enterprise.

Defendants nonetheless pursue (Motion, p.4, 12-14) the result in Liberty Group by arguing that the Boilermakers Union is the only true enterprise underlying the allegations in Count One, but that the Government "dare" not to plead the Boilermakers Union as the enterprise in order to circumvent a "myriad of doctrinal faults and even more dramatic factual contradictions." The Jones Enterprise as alleged, however, includes several racketeering acts committed by Defendants JONES and CREEDEN as officials of the Bank of Labor. Those actions stand apart from any official actions of Defendants JONES and CREEDEN as Boilermakers Union's officials; there is accordingly no unity between the Boilermakers Union

and the Jones Enterprise. Compare Liberty Group, 965 F.2d at 886 (observing that had, account executive been found guilty of underlying securities offense, impermissible unity between Liberty Group and enterprise would not have existed).[2]

### 2. Distinctness from Racketeering Activity

Defendants also contend (Motion, pp. 3, 11) that there is no distinction between the Jones Enterprise as alleged and the racketeering activity charged in the Indictment. In United States v. Turkette, 452 U.S. 576, 583 (1981), the Supreme Court held that a RICO enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." The Court also emphasized that the concepts of an enterprise and a pattern of racketeering activity are distinct, stating that "[w]hile the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other." Id. Accord Boyle, 556 U.S. at 947-48; Hutchinson, 573 F.3d at 1020.

Here, Count One draws a sufficient distinction between the alleged Jones Enterprise and charged offenses constituting the pattern of racketeering activity. Count One sets forth that Defendants held various offices and employment in the Boilermakers Union and with the Bank of Labor, in addition to their roles in the Jones Enterprise. Further, the section of Count

---

[2] In any event, Defendants' premise that "doctrinal faults" and "contradictions" would prevent the Government from alleging the Boilermakers Union as the enterprise is erroneous. Defining a RICO enterprise as a labor union itself--rather than a group of individuals working through it--also carries a long and successful history in the prosecution of the RICO statute. See United States v. Browne, 505 F. 3d 1229, 1273 (11th Cir. 2007) (marine unions); United States v. Cervone, 907 F.2d 332, 344 (2d Cir. 1990) (mason tenders local union and affiliated funds); United States v. Norton, 867 F.2d 1354, 1359 (11th Cir. 1989) (Laborers International Union of North America); United States v. Provenzano, 688 F.2d 194, 199-200 (3d Cir. 1982) (Teamsters local union); United States v. Kaye, 556 F.2d 855, 861-62 (7th Cir. 1977) (union of trade show employees).

One entitled "Manner and Means of the Conspiracy" (pp. 16-27) alleges that the Jones Enterprise undertook numerous actions constituting failure of oversight, breaches of fiduciary duty, wasting of funds, selective enforcement, adoption of conflicts of interest, and political trickery which the Indictment does not alleged to constitute racketeering activity. The Jones Enterprise as alleged, therefore, encompasses a wider range of activities than merely the pattern of racketeering activity alleged in the Indictment.

Accordingly, in both the definition of the Jones Enterprise and the scope of its alleged conduct, Count One draws a sufficient distinction between the Jones Enterprise and the criminal offenses alleged to constitute the pattern of racketeering activity. Compare United States v. Mazzei, 700 F.2d 85, 89 (2d Cir. 1983) (finding enterprise formed around purpose to fix college basketball games was distinct from racketeering activity of fixing nine college basketball games).

### III. Count One of the Indictment Sufficiently Alleges that Defendants Agreed to Join the Alleged RICO Conspiracy

Court One repeatedly alleges that Defendants agreed to participate in the affairs of the Jones Enterprise and agreed that one coconspirator would commit at least two acts of racketeering in the conduct of the affairs of the Jones Enterprise. Count One, moreover, contains an additional eleven (11) pages under "Manner and Means of the Conspiracy" detailing Defendants' knowing participation in the alleged racketeering activity.

Rule 7(c) requires nothing further to give notice to Defendants that each is facing a charge of RICO conspiracy under 18 U.S.C. § 1962(d) and permit them to assert double jeopardy should a subsequent grand jury charge him or her with RICO conspiracy involving the Jones Enterprise. Compare United States v. Johnson, 825 F. App'x 156, 171 (5th Cir. 2020) (finding sufficient RICO conspiracy allegation which included statutory language,

13

numerous specific allegations in furtherance of conspiracy, identified the criminal enterprise, established time period during which enterprise operated, named all co-conspirators, and listed numerous state and federal violations as predicate racketeering offenses).

Defendants challenge (Motion, pp. 14-16) the pleading of the agreement element within Count One because it contains no reference to interdependency among the members of the Jones Enterprise. Count One clearly tracks the language of the RICO conspiracy statute and alleges that the members of the Jones Enterprise would work collectively to reach its goals ("The Jones Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.") In any event, each of the authorities cited by Defendants address whether the evidence introduced at trial was sufficient to demonstrate interdependence in order to convict defendants. Those cases do not address sufficiency of a conspiracy allegation in the first instance, much less affirmatively hold that an indictment for a conspiracy must allege "interdependence" explicitly or be dismissed as legally defective.

### D. Defendants' Alternative Request for a Bill of Particulars is Not Warranted

In the alternative, Defendants request (Motion, pp. 16-18) a bill of particulars addressing why the Jones Enterprise is: 1) distinct from Defendants themselves; 2) distinct from the alleged racketeering activity, and 3) distinct from the Boilermakers Union.

Rule 7(f) of the Rules of Criminal Procedure provides: "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Accordingly, since Defendants were arraigned on September 3, 2024, their deadline to request a bill of

particulars was September 17, 2024. Defendants' motion, however, provides no justification for permission to make that request more than ten (10) and half months late.

In any event, a bill of particulars addressing the above issues is not necessary. Count One of the Indictment charging RICO conspiracy spans sixteen (16) pages setting forth not only the formal charge, but also the definition of the Jones Enterprise, its purposes, the roles of Defendants, the method and means of the Jones Enterprise, and the manner and means of the conspiracy. Those provisions include specific allegations with dates, places, legal and constitutional citations, and other details. If Count One on its face were not sufficient to apprise Defendants of the alleged enterprise, the Government has fully explained its position on the issues of distinctness of the Jones Enterprise in the responses herein.

## Conclusion

WHEREFORE, the Government respectfully requests that the Court deny Defendants' motion to dismiss Count One of the Indictment in full and deny their alternative request for a bill of particulars.

Respectfully submitted,

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: */s/Faiza H. Alhambra*
FAIZA H. ALHAMBRA
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6904
913-551-6541 (fax)
Faiza.Alhambra@usdoj.gov
Kan. S. Ct. No. 24525

By: */s/ Jabari B. Wamble*
JABARI WAMBLE
Assistant United States Attorney

15

500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6730
913-551-6541 (fax)
Jabari.wamble@usddoj.gov
Kan. S. Ct. No. 22730

By: /s/ Vincent Falvo
VINCENT FALVO
Trial Attorney
Violent Crime and Racketeering Section
United States Department of Justice
1301 New York Avenue, NW, Room 753
Washington, D.C. 20530
(202) 353-9384
vincent.falvo@usdoj.gov

**CERTIFICATE OF SERVICE**

      I certify that on August 20, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

                                          */s/ Faiza H. Alhambra*
                                          Faiza H. Alhambra
                                          Assistant United States Attorney