UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-20070-DDC |
| NEWTON JONES (01), WILLIAM CREEDEN (02), KATERYNA JONES (03), WARREN FAIRLEY (04), LAWRENCE MCMANAMON (05), CULLEN JONES (07), | |
| Defendants. | |

**MEMORANDUM AND ORDER DENYING MOTION TO DISMISS (Doc. 143)**

*The Current Motion*

All six defendants have moved to dismiss the Indictment's Count One, invoking Fed. R. Crim. P. 12(b)(3)(B)(v). The targeted charge accuses defendants of RICO conspiracy. Defendants claim this charge fails to state an offense. *See, e.g.*, Doc. 143 at 3, 10. If defendants fail on this part of their motion, they ask the court, alternatively, to require the United States to provide a bill of particulars under Fed. R. Crim. P. 7(f). *Id.* at 16–18. The court isn't persuaded by either form of relief sought in defendants' motion, so the court denies the motion in its entirety.

Below, the court articulates its reasoning for these conclusions. This explanation begins with the dismissal request. It concludes with the request for particulars.

**I.     DEFENDANTS' MOTION TO DISMISS**

**A. Overview of Defendants' Theory and the Government's Response**

Count One of the Indictment charges defendants with violating 18 U.S.C. § 1962(d), *i.e.*, conspiring to violate § 1962(c) of the same Title.[1] Defendants' motion theorizes that this charge, as alleged in the Indictment, doesn't state an offense. They assert that Count One is "legally defective" because it doesn't honor established law requiring the charged RICO enterprise to be distinct from the defendants themselves and from the racketeering activity in which they allegedly engaged. Doc. 143 at 10–11. Sharpening the tip of their argument, defendants contend the Indictment never charges that the alleged enterprise—called the "Jones Enterprise" in the Indictment—had a distinct organizational structure. *Id.* Defendants also assert that the Indictment omits the purportedly essential allegation that the Jones Enterprise had a distinct common purpose. *Id.* at 11. Defendants' Reply goes in a slightly different direction. It contends that Count One fails to "plead" that the Jones Enterprise was an association-in-fact enterprise. Doc. 146 at 4–5. All this warrants dismissal under Fed. R. Crim. P. 12(b)(3)(B)(v), they say.

The government sees things differently. It responds that the charge in Count One does everything the law requires of an indictment. Doc. 144 at 1–2. That is, Count One sets out all the elements of the offense charged, and it provides defendants notice of the charges they face. And it does so, the government asserts, with sufficient specificity so defendants could advance a double jeopardy defense should a future criminal proceeding necessitate it. *Id.* at 13–14. The government concludes with the well-established principle that the court may not look behind the allegations to the facts behind Count One's charge.

**B. Standard applied to 12(b)(3)(B)(v) motions**

---

[1]  *See* Doc. 1 at 11, 15 (defendants conspired "to violate Section 1962(c) of Title 18, United States Code, that is, to conduct and participate directly and indirectly in . . . the Jones Enterprise through a pattern of racketeering activity[.]") (quotation cleaned up).

For years, our Circuit has identified the standard applied to a motion like the one at issue here.

> "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense."

*United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)); *see also, United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008). This kind of challenge "is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *Todd* at 1067 (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)). Instead, the court can test an indictment's sufficiency "solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *Hall*, 20 F.3d at 1087 (quoted in *Todd*). The question at the motion-to-dismiss stage isn't whether the government can muster enough evidence to support the challenged charge. Instead, the court must decide "whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *Todd*, 446 F.3d at 1068 (citing *United States v. Sampson*, 371 U.S. 75, 78–79 (1962) and *Hall*, 20 F.3d at 1087).

Recently, in 2024, our Circuit revisited the standard used to measure an indictment's sufficiency. *United States v. Sweet*, 107 F.4th 944 (10th Cir. 2024). *Sweet* differs significantly from the current action. The charge there was different—a child sex crime under 18 U.S.C. § 2242(b) vs. a RICO conspiracy here. And the charging documents couldn't be less alike. *Sweet*'s contested charge consisted of a total of 97 words. In contrast, the contested Count One here spans 26 pages of allegations. As a result, *Sweet*'s holding doesn't transfer to this case's challenge. But *Sweet* is significant, nonetheless. Not only does it reiterate the indictment-

3

sufficiency standard discussed in *Todd*, but, more crucially, it also captures an important nuance about when that standard demands greater specificity.

*Sweet* outlines the evolution of charging documents in federal court—from the standard's constitutional anchors through the 1945 adoption of the Federal Rules of Criminal Procedure—and, in particular, Rule 7(c). *See* 107 F.4th at 956–58. In this historical overview, Judge Federico emphasizes the shift from a "lengthy and technical" pleading standard to a "more relaxed approach[.]" *Id.* at 957–58. That "more lenient criminal pleading standard" persists in modern Supreme Court jurisprudence, *Sweet* explains. *Id.* at 958. Consider the leniency of the familiar indictment-sufficiency formulation. Under Supreme Court precedent, an indictment must "'contain[] the elements of the offense charged[,] fairly inform[] a defendant of the charge against which he must defend, and . . . enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *Id.* (quoting *Hamling v. United* States, 418 U.S. 87, 117 (1974)). And an indictment generally suffices if it "set[s] forth the offense in the words of the statute itself[.]" *Id.* (quoting *Hamling*, 418 U.S. at 117). Judge Federico notes that our Circuit "has also recognized the more lenient pleading standard" permitting an indictment that "'quotes the language of a statute and includes the date, place, and nature of illegal activity'" to suffice. *Id.* (quoting *United States v. Powell*, 767 F.3d 1026, 1030 (10th Cir. 2014)). Our Circuit requires no further detail to elucidate "'the factual proof that will be relied upon to support the charges.'" *Id.* (quoting *Powell*, 767 F.3d at 1030).

While it reaffirms the long familiar standard, *Sweet* also incorporates helpful nuance. It recalls that "[m]ore specificity is required . . . when a statute's text does not itself 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence[.]'" *Id.* (quoting *Hamling*, 418 U.S. at 117). And it explains that, in such

4

circumstances, the indictment must provide both the statute's language and "'such a statement of the facts and circumstances as will inform the accused of the specific offence[.]'" *Id.* (quoting *Hamling*, 418 U.S. at 117–18).

Applying both the familiar standard from *Todd* and the helpful nuance identified in *Sweet*, the court now evaluates the substance of the defendants' motion.

### C. Does Count 1 comply with all three parts of the standard recognized in *Todd* and *Sweet*?

This first part of the analysis requires the court to decide whether Count One "sets forth the elements of the offense it charges." *Todd*, 446 F.3d at 1067. This work begins with identifying the elements of § 1962(d).

#### 1. Does Count 1 set forth the elements of a § 1962(d) charge?

##### a. the elements of the offense

As already referenced, Count One accuses defendants of violating 18 U.S.C. § 1962(d)—commonly known as racketeering conspiracy. *See* Doc. 1 at 11, 26. This law "makes it 'unlawful for any person to conspire to violate' 18 U.S.C. § 1962(c)." *United States v. Smith*, 413 F.3d 1253, 1265 (10th Cir. 2005), *overruled in part on other grounds by Boyle v. United States*, 556 U.S. 938 (2009). *Smith* identified the elements of a § 1962(d) violation:

> [W]e hold that in order to convict a defendant for violating § 1962(d), the Government must prove beyond a reasonable doubt that the defendant: (1) by knowing about and agreeing to facilitate the commission of two or more acts (2) constituting a pattern (3) of racketeering activity (4) participates in (5) an enterprise (6) the activities of which affect interstate or foreign commerce.

413 F.3d at 1266. Seven years after *Smith*, the Circuit tweaked this formulation slightly in another case charging a § 1962(d) violation, *United States v. Harris*. 695 F.3d 1125 (10th Cir. 2012).

There, the jury had convicted defendant on a RICO conspiracy charge. He appealed and challenged the "substantive correctness of the jury instructions on the elements of § 1962(d) conspiracy[.]" *Id.* at 1129. The instruction at issue identified the requirements for the § 1962(d) conviction in this fashion:

> *First:* A conspiracy or agreement, as detailed in the indictment, existed between two or more persons to participate in the affairs of an enterprise that affected interstate commerce through a pattern of racketeering activity;
> *Second:* that defendant deliberately joined or became a member of the conspiracy or agreement with knowledge of its purpose[;] and []
> *Third:* the defendant agreed that someone, not necessarily the defendant, would commit at least two of the racketeering acts detailed in the indictment.
>
> \*   \*   \*
>
> Unlike the charge in Count 1 [the substantive violation under § 1962(c)], *the government need not prove* a defendant actually committed two racketeering acts, nor that the objectives or purposes of the conspiracy, whatever they may have been, have been achieved or accomplished, nor *that the alleged enterprise was actually established*, that the defendant was actually employed by or associated with the enterprise, or that the enterprise was actually engaged in, or its activities actually affected, interstate or foreign commerce. The essential nature of Count 2 is the conspiratorial agreement; the ultimate success or failure of the conspiracy is irrelevant.

*Id.* at 1131 (italics added to quoted instruction by Tenth Circuit's opinion) (bracketed material added by Circuit). The Tenth Circuit rejected defendant's challenge of the elements recited by this Instruction, holding "that the challenged jury instruction accurately stated the law[.]" *Id.* *Harris* also decided whether "the existence of an enterprise" is "an element of conspiracy to commit a RICO violation under § 1962(d)[.]" *Id.* at 1132. The Circuit held "that the existence of an enterprise is not element of § 1962(d) conspiracy to commit a substantive RICO violation." *Id.* at 1131.

6

Synthesizing *Smith* and *Harris*, the court concludes that the elements of a § 1962(d) violation consist of the following:

- a conspiracy or agreement existed
- between two or more persons
- to participate in an enterprise affecting interstate or foreign commerce
- through a pattern of racketeering activity
- defendant knowingly joined the conspiracy with knowledge of its purpose
- defendant agreed that someone, though not necessarily the defendant, would commit at least two or more acts.

As referenced, note that the elements of a § 1962(d) violation do not require proof of an actual enterprise. *Smith*, 413 F.3d at 1266.

### b. Does Count One "set forth the elements of the offense" of charges?

All in, defendants' filings contend that three elements of a § 1962(d) conspiracy are missing from Count One.

*First*, defendants contend that "[m]issing in particular is any allegation" that the Jones Enterprise had "a distinct organizational *structure*." Doc. 143 at 11 (emphasis in original). They're mistaken. Paragraph 2 of Count One charges that the named Jones Enterprise "constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise." Doc. 1 at 11. But defendants, citing the Supreme Court's decision in *Boyle*, seem to believe that Count One's invalid because it never alleges that the alleged enterprise had a hierarchy or decision-making process. *See* Doc. 143 at 11 (citing *Boyle*, 556 U.S. at 945). This argument actually stands *Boyle* on its head. *Boyle* explained that it found "no basis in the language of RICO for the structural requirements that

7

petitioner asks us to recognize." 556 U.S. at 948 (listing petitioner's arguments to include requirements such as a structural "hierarchy"). *Boyle* continued, "[a]s we said in *Turkette*, an association-in-fact enterprise"—the kind of organizational structure charged in Count One here—"is simply a continuing unit that functions with a common purpose. Such a group need not have a hierarchical structure or a 'chain of command[.]'" *Id.* In short, *Boyle* rejects the very requirement that defendants ask the court to impose on Count One.

*Next*, defendants contend that the Indictment never asserts the Jones Enterprise had "a distinct common purpose." Doc. 143 at 11 (emphasis omitted). Again, they're mistaken. Count One asserts that the Jones Enterprise "constituted an ongoing organization whose members functioned as a continuing unit for a common purpose[,]" *i.e.*, "achieving the objectives of" the Jones Enterprise. Doc. 1 at 11.

*Last*, and especially telling is defendants' argument that the "Indictment also fails to establish"—they mean, allege—"an agreement amongst the Defendants to commit the underlying acts." Doc. 143 at 14. Defendants' premise is correct: an agreement is a necessary element of a RICO conspiracy charge. *Smith*, 413 F.3d at 1266. But reading Count One carefully one discovers that it charges this element. Specifically, it charges defendants "did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree together and with each other, to violate Section 1962(c) . . . that is, to conduct and participate . . . in the conduct of the affairs of the Jones Enterprise[.]" Doc. 1 at 15. In short, Count One accuses defendants of agreeing with one another to violate one of RICO's substantive provisions.

Defendants try to save this argument with a subsidiary argument. *See* Doc. 143 at 15. They concede that Count One "summarily" and "generally alleges" defendants conspired to violate § 1962(c). *Id.* But that isn't enough, defendants assert, because "such threadbare

8

recitations of the elements of a RICO claim, supported by mere conclusory statements, do not suffice." *Id.* Defendants' legal citation for this argument, however, is the giveaway: They cite *Ashcroft v. Iqbal*. *See* Doc. 143 at 15. *Iqbal* is a civil case applying the Federal Rules of Civil Procedure. *See* 556 U.S. 662, 677 (2009) (applying Federal Rule of Civil Procedure 8(a)(2)). Nothing in *Iqbal* suggests it applies to a motion to dismiss an indictment in a criminal case under Fed. R. Crim. P. 12(b)(3)(B)(v).[2]

At bottom, defendants' argument confuses a crime's *elements* with the content of evidence required to establish those elements. Here's an example. Defendants assert that Count One's "legally defective because it contradicts the rules requiring a RICO 'enterprise' to be distinct from both" the defendants themselves and the racketeering activity in which they allegedly engaged. Doc. 143 at 10. But this rule—which is far more nuanced than defendants' argument recognizes[3]—doesn't make this "distinct from" characteristic an *element* of a

---

[2]   The closest defendants come to mustering legal support for the argument that an indictment must contain specific facts comes on page 8 of their motion. There, they cite *United States v. Cruikshank*, an 1875 Supreme Court case. Doc. 143 at 8 (citing 92 U.S. 542 (1875)). Specifically, defendants quote *Cruikshank* for the principle that the purpose of an indictment is, among other things, to inform the court of the facts alleged, so that it "'may decide whether [the facts] are sufficient in law to support a conviction, if one should be had.'" *Id.* (quoting *Cruikshank*, 92 U.S. at 557). Assuming this passage in *Cruikshank* remains viable today, the 65-page Indictment here easily suffices.

Counting material incorporated by reference, Count One devotes 26 pages to specifying defendants' alleged wrongdoing. *See* Doc. 1 at 1–26. And at least some of those 26 pages accuse defendants of taking specific actions designed to effectuate the alleged conspiracy. *See, e.g., id.* at 16 (defendants agreed to "seek to dominate and control the operations of the Boilermakers Union" by "embezzlement from union funds, wire fraud, and embezzlement from pension and welfare funds so as to enrich themselves and other members of the conspiracy"), *id.* at 16–17 (defendants conspired to "preserve their positions in the Boilermakers Union by ensuring that all incumbent international officers stood for reelection in a single slate headed by the incumbent International President, Defendant NEWTON JONES"), and *id.* at 20 (defendants conspired to "engage[ ] in unauthorized international travel to Europe, Asia, South America, and Australia, which included first class airline tickets, lavish hotel stays, expensive restaurant meals and wines, and entertainment worth more than five million dollars").

[3]   *Boyle* sews doubt about defendants' view of this "distinct from" characteristic. There, the Supreme Court answered its own question, *i.e.*, must an enterprise's "structure go beyond that inherent in the pattern of racketeering activity in which its members engage?" 556 U.S. at 945 (internal quotation

§ 1962(d) charge. Consider our Circuit's careful inventory of § 1962(d)'s elements in *Harris* and *Smith*. Neither case identifies the "distinct from" characteristic of an enterprise as an element of RICO conspiracy. *See Smith*, 413 F.3d at 1266 & *Harris*, 695 F.3d at 1131 (reciting jury instruction's elements for § 1962(d) and concluding it "accurately stated the law"). Time will tell whether the government can adduce proof establishing that the Jones Enterprise is sufficiently distinct from defendants and their alleged racketeering activity to comply with the substantive law explaining what this element means. But at this procedural moment, the Indictment survives if it merely alleges the element. Count One sufficiently alleges the enterprise element. And that is all that controlling precedent requires. *Redcorn*, 528 F.3d at 733 ("generally sufficient" if indictment "set[s] forth an offense in the words of the statute itself" so long as "those words . . . set forth all the elements necessary to constitute the offense[.]"); *United States v. Mobley*, 971 F.3d 1187, 1196 (10th Cir. 2020) ("Where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." (quotation cleaned up)); *see also United States v. Rogers*, No. 18-CR-10018-01-EFM, 2019 WL 2435758, at *4 (D. Kan. June 11, 2019) (distinguishing between what government must prove to convict defendant of an

---

marks omitted). The Court's answer began by noting that one may interpret this question two different ways. "If the phrase is interpreted to mean that the existence of an enterprise is a separate element that must be proved, it is of course correct. As we explained in *Turkette*, the existence of an enterprise is an element distinct from the pattern of racketeering activity and 'proof of one does not necessarily establish the other.'" *Id.* at 947 (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)).

     Importantly, the Court's answer didn't stop there. "On the other hand, if the phrase is used to mean that the existence of an enterprise may never be inferred from the evidence showing that persons associated with the enterprise engaged in a pattern of racketeering activity, it is incorrect." *Id.* The Court's answer concluded by embracing the idea expressed in *Turkette*—noting namely that "the evidence used to prove the pattern of racketeering activity and the evidence establishing an enterprise 'may in particular cases coalesce.'" *Id.* (quoting *Turkette*, 452 U.S. at 583). Whether this case is such a case, time will tell.

attempt crime at trial and what government must allege in indictment); *United States v. Whatley*, No. 09-CR-531-DAK, 2010 WL 1236401, at *2 (D. Utah Mar. 29, 2010) (refusing to dismiss indictment where defendant "has confused what the government is required to plead in the indictment with what the government must prove at trial."); *United States v. Gueary*, No. 02-40025-01-SAC, 2002 WL 1334867, at *3 (D. Kan. May 22, 2002) ("[T]he government is not required to set forth in its indictment the theory that it intends to use at trial to establish the elements of the crime.").

In sum, defendants have failed to substantiate their argument that Count One omits an element of a § 1962(d) charge. The Indictment sufficiently alleges all three elements challenged explicitly by defendants' moving papers. And some of defendants' arguments misapprehend the legal standard governing their motion. The court thus concludes that the Indictment alleges each element of a § 1962(d) charge, and thus it conforms to the first of the three requirements applied in *Todd* and *Sweet*.

The court turns next to the "fair notice" requisite.

### 2. Does Count One provide defendants fair notice of the charge they must defend?

The second part of the test measuring an indictment's sufficiency asks whether the charge puts defendants on fair notice of the charge they must defend in Count One. *Todd*, 446 F.3d at 1067. It's not clear whether defendants contend that Count One flunks this touchstone. Their motion never asserts that they do. But out of caution, the court briefly addresses this part of the standard.

Last year, the Circuit held that an indictment adequately notified the defendant of the charges against him. *United States v. Garcia-Limon*, 146 F.4th 885 (10th Cir. 2025). The indictment there set out the elements for each offense charged, named the victim, specified the

11

victim's age range, established an eight-year date range when the offense allegedly had occurred, identified where the offense allegedly had occurred (albeit in generic terms, *i.e.*, "Indian Country"), and included "the applicable statutory language" of the offense. *Id.* at 894. The Court of Appeals found the indictment in *Garcia-Limon* was sufficient to inform the defendant what he must defend. *Id.* at 895.

One would struggle to find support for a plausible argument that Count One here falls short of this mark. This 65-page Indictment provides extensive background information about the labor union purportedly victimized by defendants' alleged conduct. Doc. 1 at 1–5. It explains the connection between this union and a bank partially owned by the union and it identifies the role the bank allegedly played in the charged conspiracy. *Id.* at 6. The Indictment also outlines the legal duties imposed on unions and their officers by various federal acts, *id.* at 6–9, and identifies each defendant's role—including their roles with the union and in the alleged RICO enterprise. *Id.* at 11–14.

Based on these overarching allegations, Count One—which spans 15 pages plus 10 more incorporated by reference—explicitly identifies the enterprise alleged, its purposes, each defendant's role in the alleged enterprise, and the means and methods used by the charged RICO conspiracy. Count One then identifies the period when the alleged conspiracy operated, and then devotes 11 full pages to alleging how each defendant purportedly acted to further this RICO conspiracy's goals. *Id.* at 11–26.

This court finds that the RICO conspiracy charge in Count One—the only one at issue in defendants' motion—gives defendants fair notice of the charge they must defend. It satisfies this second prong of the standard. This conclusion leaves one last piece of the governing standard: the double jeopardy requirement. The court addresses it next.

### 3. Would Count One enable defendants to assert a double jeopardy defense in a future case?

The Circuit's standard also requires the Indictment to provide enough information that defendants, if later charged in another criminal case and appropriate to do so, could assert a double jeopardy defense. *See, e.g.*, *Hamling*, 418 U.S. at 117; *Sweet*, 107 F.4th at 958. Several Circuits have explained what this double jeopardy component demands.

For instance, the Third Circuit concluded that this measure of sufficiency requires "no greater specificity than the statutory language . . . so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy." *United States v. Stevenson*, 832 F.3d 412, 424 (3d Cir. 2016) (quoting *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)). These cases have explained that an indictment hits this mark when "it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violation occurred." *Stevenson*, 832 F.3d at 424 (quoting *Huet*, 665 F.3d at 595); *see also United States v. Troy*, 618 F.3d 27, 34 (1st Cir. 2010). Here, Count One easily meets this mark.

It explicitly identifies the statute when it accuses defendants of violating § 1962(d). Doc. 1 at 11, 26. As already discussed, it alleges all the elements of that charge. And it articulates periods for each defendant, specifying when that defendant participated in the alleged RICO enterprise and attendant conspiracy. *See id.* at 12–14 (¶¶ 4–10) (dates participated in alleged enterprise) and 15–16 (¶ 12) (specifying date when defendants allegedly conspired).

Defendants here haven't explicitly argued that Count One here falls short of this part of the motion to dismiss standard. But had they done so, it's unlikely their argument could succeed.

### 4. Does § 1962(d) require "more specificity" here?

Remember that in some circumstances, "[m]ore specificity is required[.]" *Sweet*, 107 F.4th at 958. The Circuit explained when this next level applies, and what it requires. More is required—more, that is, than the language of the statute and the "date, place, and nature of illegal activity"—when the text of the offense statute "does not itself 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence[.]'" *Id.* (quoting *Hamling*, 418 U.S. at 117).

Defendants make no argument that a RICO conspiracy offense requires more elements than are stated in the two operative statutes—§§ 1962(d) and 1962(c). And as referenced above, our Circuit has identified all the elements required for a § 1962(d) conviction. Defendants have identified no extra-statute element for § 1962(d). The court thus concludes that the charge in Count One need not provide "the more" that applies in some cases—but not this charge.[4]

### 5. Conclusion

Count One of the Indictment meets all three requirements of *Todd*'s standard and also complies with *Sweet*. It sets out the elements of the offense charged by Count One. It provides defendants with fair notice of the charge they must defend. And it arms them with enough information to assert, if need be, a double jeopardy defense based on this charge's prosecution. The court thus denies defendants' request to dismiss the charge in Count One.

## II.    Alternative Request for Bill of Particulars

Defendants devote the last two pages of their motion to the alternative form of requested relief—a bill of particulars under Fed. R. Crim. P. 7(f). It's important to understand the precise particulars defendants ask the court to mandate. Their motion asks the court to order the

---

[4] Even if the charge in Count One required something "more"—defendants never show that it does—Count One provides it. Its 25 pages of factual allegations provide far more than base requirement, *i.e.*, the language of the statute, "the date, place, and nature of illegal activity[.]" *Sweet*, 107 F.4th at 958.

government to "clearly identify what aspects of the 'Jones [E]nterprise'"—the enterprise alleged by Count One—"are allegedly distinct from (1) the Defendant 'persons' themselves, (2) the racketeering activity they allegedly engage[d] in, and (3) the [International Brotherhood of Boilermakers], including but not limited to the alleged enterprise's organizational structure, common purpose, and independent operations." Doc. 143 at 17.

The court's analysis of this request follows. It begins with the standard governing requests for such a bill.

### A. Legal Standard

Judge Julie Robinson of our court summarized the legal standard applied to a request like defendants' here. Because her overview so ably collects these legal principles, the court quotes it in its entirety here:

> Rule 7(f) of the Federal Rules of Criminal Procedure states that a court may issue a bill of particulars. The decision to issue a bill of particulars falls within the discretion of the court. This discretion is exercised while adhering to the recognized scope of a bill of particulars. A bill of particulars is not a discovery device. It cannot be used to take measure of the government's case. The purpose of a bill of particulars is to inform the defendant of the substantive facts of the charges against him, but not to discover the evidentiary basis for the charges. The defendant is not entitled to know all the evidence the government will use against him at trial. However, the defendant must be adequately informed of the charges against him so that he may prepare a defense for trial. Additionally, a bill of particulars is unnecessary where the information the defendant seeks is available through "some other satisfactory form," such as an open file discovery policy.

*United States v. Griffith*, 362 F. Supp. 2d 1263, 1277–78 (D. Kan. 2005) (footnotes and citations omitted). *Griffith* thus identifies two interests that compete for primacy in a bill-of-particulars analysis—the defendant's right to receive adequate information to prepare his defense and the government's right not to disclose all the evidence it will use at trial.

15

A leading treatise summarizes the factors courts have applied and—in these commentators' view—should apply to weigh these competing interests. "The test for the court in passing on a motion for a bill of particulars should be whether the information requested is necessary to allow the defense to prepare its case or to avoid unfair surprise." 1 *Wright & Leipold's Federal Practice & Procedure* § 130 (5th ed. 2022) (citing among others *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008)). This same treatise endorses three factors that courts should consider when deciding whether a particular request meets this standard. They are: "the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information" available to the defense. *Id.* (citing cases). The court embraces these factors here and applies them in subsection B, following.

### B. Applying Pertinent Factors to Defendants' Request for Bill of Particulars

The first factor—the complexity of the crime charged—favors defendants' request. Count One combines two complicated and abstract theories of our criminal laws: RICO and conspiracy. The next factor considers the clarity of the Indictment. Here, this factor disfavors defendants' request. Count One, for the most part,[5] explicitly defines the enterprise and identifies its participants. It describes the alleged enterprise's purposes, the roles each defendant allegedly played in the enterprise, its means and methods, the racketeering conspiracy (including the federal laws the defendants agreed to violate), and also identifies at least some of the racketeering conspiracy's means and methods. *See* Doc. 1 at 11–26. In short, Count One plainly

---

[5] Count One names seven participants in the enterprise, but it also references "other[] [participants] known and unknown to the Grandy Jury[.]" Doc. 1 at 11 (¶ 2). Some cases have required bills on charges where the indictment references "others both known and unknown[.]" *See United States v. Rogers*, 617 F. Supp. 1024, 1028–29 (D. Colo. 1985) (requiring government to identify "undisclosed and unidentified co-conspirators, aiders and abettors . . . especially where the government plans to call such persons as witnesses"). But defendants' motion here never requests such information, so it's not a question the court must decide.

discloses the government's theory of the RICO conspiracy charge. The last factor asks about the degree of discovery and other sources of information available to the defense. No party addresses this consideration in any of the three rounds of briefing. *See* Doc. 143 at 16–18, Doc. 144 at 14–15, and Doc. 146 at 13–14. The court's experience with requests for Rule 17 suggests that defendants already have access to a voluminous collection of evidentiary material. The parties often have referred to the discovery exchanged as extensive. Still, the parties' silence on this factor makes it difficult to assess this factor. The court will treat it as neutral. In sum, one factor favors requiring the bill, one disfavors it, and one is neutral.

What should the court do with such a mixed hand? The court finds its answer in the essence of defendants' request: They ask the court to "clearly identify what aspects of" the enterprise is "allegedly distinct from" defendants themselves, their alleged racketeering activities, and the union who once employed them. Doc. 143 at 17. Defendants thus want the court to force the government to "identify"—meaning, "tell defendants"—how the government plans to differentiate between defendants and the alleged RICO enterprise, and differentiate between defendants and the racketeering activity they allegedly conducted. This kind of explanation doesn't seek facts. It asks the court to order the government to showcase its legal argument. That's not a proper use for a bill of particulars.

Instead, the predominant purpose of a bill of particulars is providing "the defendant notice of the essential *facts* supporting the crimes" to avoid "prejudicial surprise at trial." 1 *Wright & Leipold* § 130 (emphasis added). Our Circuit has suggested that a request for particulars isn't available to pick the government's brain about its theory of the case. A defendant may not secure a bill of particulars "to compel the Government to disclose evidentiary details or 'to explain the legal theories upon which it intends to rely at trial.'" *United States v.*

*Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir.), *cert. denied*, 449 U.S. 1015 (1980)).  Defendants' request here doesn't seek essential facts; it targets evidentiary details and legal theories.

### C.  Conclusion

The court denies defendants' request for the bill of particulars sought by their motion.

**THEREFORE, IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss Count One or in the Alternative for a Bill of Particulars (Doc. 143) is denied.

**IT IS SO ORDERED.**

**Dated this 5th day of February, 2026, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**

18